## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WEST COAST GROUP
ENTERPRISES, LLC,

     Plaintiff,

v.                                   Case No: 8:21-cv-0832-KKM-JSS

GREGORY A. DARST, *as Trustee*
*of the* G.A. DARST EQUITY TRUST,

     Defendant,
_____

GREGORY A. DARST, *as Trustee*
*of the* G.A. DARST EQUITY TRUST,

     Crossclaimant,

v.

UNITED STATES OF AMERICA

     Crossclaim Defendant.

_____

## ORDER

     The United States, as a Crossclaim Defendant, removed this state law quiet title action between Plaintiff West Coast Group Enterprises, LLC, and Defendant Gregory A. Darst, acting as trustee of the G.A. Darst Equity Trust, to federal court on April 7, 2021.

(Doc. 1.) The United States quickly moved to dismiss Darst's crossclaim for tortious inference. (Doc. 5.) Darst then moved to remand to state court on May 5, 2021. (Doc. 10.) Darst alleges that this Court lacks subject matter jurisdiction over this suit. (*Id.*) The United States disagrees. (Doc. 11.) Because this Court has no jurisdiction over the crossclaim and the United States has established no other viable jurisdictional hook, this Court lacks subject matter jurisdiction and remands this action back to the Sixth Judicial Circuit, in and for Pinellas County, Florida.

## I.    BACKGROUND

Darst created the G.A. Darst Equity Trust and acquired the real property that is the subject of this quiet title action through the Darst Trust. (Doc. 1 at ¶ 5–7.) The Darst Trust sold the property to West Coast on July 14, 2009, (Doc. 1-1 at ¶ 7), apparently after the United States' tax liens attached to the property but before the United States filed the notice of the tax liens under I.R.C. § 6323(f). (Doc. 16 at 7.)[1] The sale terms required West Coast to make regular mortgage payments to the Darst Trust. (Doc. 1-1 at ¶ 10.) After the sale, "the Internal Revenue Service issued a Notice of Levy to West Coast, which required that all mortgage payments due to the Darst Trust be made to the IRS instead."

---

[1] According to the United States, given the untimely filing of the notice of the tax liens, if West Coast qualifies as a "purchaser" under I.R.C. § 6323(h)(6)—meaning it acquired an interest in the property through "adequate and full consideration in money"—the government's tax liens are not enforceable against it. (Doc. 16 at 7.)

(Doc. 16 at 2–3.) Importantly, West Coast failed to make the final balloon payment of the mortgage on August 1, 2014. (Doc. 1-1 at ¶¶ 12–14.)

On February 7, 2020, West Coast filed suit in the Sixth Judicial Circuit of Florida, seeking to quiet title the property. (*Id.* at ¶ 1.) Though West Coast knew the United States had a lien on the property, it did not name the United States as a party. (Doc. 16 at 3.) Darst filed a crossclaim against the United States but did not serve the United States. (Doc. 17 at 5 n.10.) As soon as it learned of the action, on April 7, 2021, the United States removed the action to this Court. (Doc. 16 at 3.) The United States then promptly filed motions to dismiss Darst's crossclaim, (Doc. 5), and to intervene. (Doc. 6). On May 5, 2021, Darst filed a motion to remand to state court. (Doc. 10.) On May 10, 2021, the United States filed its response in opposition. (Doc. 11.) West Coast does not oppose remand. (Doc. 15.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Federal courts are courts of limited jurisdiction, and the removal statute must be construed narrowly, resolving any doubts against removability. When, as here, a defendant asserts jurisdiction in a notice of removal, the defendant has the burden of establishing that removal is proper. "Absent diversity of citizenship, federal-question jurisdiction is

required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1331, a defendant may assert federal question jurisdiction where a civil action arises under the Constitution, laws, or treaties of the United States.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392; *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (explaining that under the "longstanding interpretation of the current statutory scheme, the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint'"). The well-pleaded complaint rule means that a federal question is "presented" when the complaint—on its face—invokes federal law as the basis for relief. "Th[is] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392. The Supreme Court long ago declared that, "[b]y unimpeachable authority," a lawsuit "brought upon a state statute does not arise under an act of Congress or the Constitution of the United States." *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 116 (1936).

So too, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharms. Inc.*, 478 U.S. at 808. Indeed, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including

the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393. This type of defensive preemption, sometimes called "ordinary preemption," is subject to the well-pleaded complaint rule. *See Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352–53 (11th Cir. 2003). Ordinary preemption provides an affirmative defense to state-law claims but will not provide a basis for removal to federal court. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343–44 (11th Cir. 2009).

## III.   ANALYSIS

Because West Coast and Darst are not of diverse citizenship, the Court can only exercise jurisdiction if federal question jurisdiction exists. If it does not, the Court must grant Darst's motion to remand to state court. *See* 28 U.S.C. § 1447(c). West Coast's complaint neither asserts a federal claim nor references any federal statutes on its face, including under 28 U.S.C. § 2409a. And the United States does not dispute that West Coast's complaint fails to raise an issue of federal question under the well-pleaded complaint rule.

5

That said, the United States asserts two grounds for subject matter jurisdiction over this action to resist Darst's motion to remand:[2] (1) based on Darst's crossclaim against the United States; and (2) based on the federal government's interest in the property at issue in the state law quiet title action. Neither argument is persuasive.

### A. Darst's Crossclaim Does Not Allow this Court to Exercise Jurisdiction

In responding to West Coast's complaint, Darst brought a crossclaim against the Internal Revenue Service for tortious interference with his right of contract. (Doc. 1-2 at 8.) The United States removed, relying on 28 U.S.C. § 1442(a)(1). After removal, the United States promptly moved to dismiss Darst's crossclaim, alleging that the state court lacked subject matter jurisdiction under Rule 12(b)(1) because sovereign immunity bars Darst's tort claim.[3] (Doc. 5 at 2–4.) Neither Darst nor West Coast responded to that motion; accordingly, this Court treats it as unopposed. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Section 1442(a)(1) allows federal officers and agencies sued in state court to remove the action to federal court to enforce a federal defense. *See Mesa v. California*, 489 U.S. 121, 136 (1989) ("The removal statute itself merely serves to overcome the 'well-pleaded

---

[2] The United States correctly points out that Darst's motion is not timely. (Doc. 11 at 5.) But—as the United States also acknowledges—"a motion to remand based on subject-matter jurisdiction may be made at any time before final judgment." (*Id.*)

[3] The United States also alleges that Darst's crossclaim claim must be dismissed for insufficient process and service of process under Rule 12(b)(4) and Rule 12(b)(5). (Doc. 5 at 2–4.)

6

complaint' rule which would otherwise preclude removal even if a federal defense were alleged."). However, upon removal, the federal district court acquires only the jurisdiction that was originally vested in the state court. In other words, "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction."). Accordingly, if the United States is correct that the state court lacked jurisdiction over Darst's tort claim against the United States, this Court also lacks jurisdiction.

Darst's crossclaim alleges that the Internal Revenue Service tortiously interfered with his right of contract. (Doc. 1-2 at 8.) After pointing out that the state court had jurisdiction over the quiet title action because it is in rem, the crossclaim makes no effort to establish that the state court had jurisdiction over the tort claim. (*Id.* at 2.) Instead, Darst merely suggests that "[t]he Court can assist [him] to secure service of process on the IRS." (*Id.*) This feeble attempt fails to satisfy Darst's burden of establishing subject matter jurisdiction.

Because Darst is suing the United States, he also "bears the burden of establishing that the government has waived sovereign immunity with respect to his claims." *Reeves v.*

*Belton*, No. 14-60608-CIV, 2014 WL 4388145, at *2 (S.D. Fla. Sept. 5, 2014). Absent an applicable waiver, courts lack jurisdiction to adjudicate claims against the United States. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (noting that "[s]overeign immunity is jurisdictional in nature"). Darst's crossclaim alleges unjust "imposition of fraudulent notices of levies," which "wrongly interfered with [his] right to contract." (Doc. 1-2 at 8.) Darst's allegations sound in tort, though he does not specify whether he is suing under state or federal law. Regardless of his choice, the United States possesses sovereign immunity and may only be sued in tort under the Federal Tort Claims Act (FTCA), which provides a limited waiver of its immunity. *See United States v. Smith*, 499 U.S. 160, 173 (1991) ("[W]ith respect to a tort committed by '*any* employee of the Government' within the scope of employment, the FTCA provides the exclusive remedy." (quotation omitted)). And federal courts have exclusive jurisdiction over FTCA claims. *See* 28 U.S.C. § 1346(b)(1).

Accordingly, the state court did not have subject-matter jurisdiction over Darst's tort claim against the United States. Because it did not, neither does this Court. *See Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."). Because neither this Court nor the state court have jurisdiction over the crossclaim, this Court must dismiss it for lack of jurisdiction. *Barrett v. United States Postal Serv.*, No. 20-60156-CV-

ALTMAN, 2020 WL 2764265, at *2 (S.D. Fla. Feb. 10, 2020) ("Notably, when the "derivative jurisdiction" doctrine applies—as it does here—the Supreme Court has admonished lower courts to dismiss the case—and not to remand it."); *see Lambert Run Coal Co.*, 258 U.S. at 383.

Since removal of Darst's crossclaim gave this Court only the jurisdiction that the state court had over it—which was none—this Court must dismiss the crossclaim and remand the quiet title action unless the United States proposes some other avenue of federal question jurisdiction.[4]

## B. The Quiet Title Act Does Not Give this Court Jurisdiction

For its main argument, the United States relies on 28 U.S.C. § 2409a, or the Quiet Title Act.[5] (Doc. 11 at 5–6.) The Quiet Title Act creates a cause of action by which individuals may sue the United States "to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest." § 2409a(a). At

---

[4] Even without application of this doctrine, the United States would be in the same position. Because Darst admits that "[he] never served [the crossclaim] on the United States," (Doc. 17 at 5 n.10), this Court would dismiss the crossclaim under Rule 12(b)(4) and 12(b)(5). And, once dismissed, that crossclaim could not form the basis of this Court's jurisdiction over the state-law quiet title action. *See Mesa*, 489 U.S. at 136 ("Section 1442(a), therefore, cannot independently support Art. III 'arising under' jurisdiction. Rather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes."); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . , the state claims should be dismissed as well.").

[5] The United States also mentions 28 U.S.C. § 1444. But this argument fails for the same reasons as the Quiet Title Act argument. (Doc. 11 at 5–6.) In fact, the case is even more clear under § 1444, which provides that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed." Of course, West Coast did not bring this action against Darst under that section, and so this statute does not apply.

bottom, the statute is a limited waiver of sovereign immunity. *See Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 275–76 (1983).

Federal courts undoubtedly have "exclusive original jurisdiction of civil actions" under the Quiet Title Act. 28 U.S.C. § 1346(f). But West Coast sued under the cause of action created by § 65.061, Fla. Stat, (Doc. 1-1 at ¶ 1), not under the Quiet Title Act. And it is not evident that it could have. The Quiet Title Act creates a cause of action only to "adjudicate disputed title to real property in which the United States claims an interest, *other than a security interest.*" 28 U.S.C. § 2409a(a) (emphasis added). The United States' levy and derivative mortgage are textbook examples of security interests, and the United States makes no argument that its interests fall outside this statutory exception. *See Love v. United States*, 503 F. App'x 747, 748 (11th Cir. 2013) (reasoning that 28 U.S.C. § 2410, not § 2904a, is the proper avenue through which to seek quiet title when the United States "claims a mortgage or other lien" on the property (quoting § 2410(a)));[6] *Stoecklin v. United States*, 943 F.3d 42, 43 (11th Cir. 1991) (finding that § 2410 was the proper avenue to challenge the procedural validity of federal tax liens). Nevertheless, the United States argues that, "even after the crossclaim is dismissed, remand is not warranted" because the quiet title action "will *effectively* be an action under 28 U.S.C. § 2409a." (Doc. 11 at 6 (emphasis

---

[6] Section 2410(a) allows litigants to name the United States as a party in a civil action to adjudicate quiet title to "property on which the United States has or claims a mortgage or other lien." Importantly, this waiver of sovereign immunity provides for suit in "any district court, or in any State court having jurisdiction of the subject matter." *Id.* Accordingly, the waiver in § 2410 is not limited to federal court.

added).) In essence, the United States is asking this Court to swap out a state-law claim—

over which this Court does not have jurisdiction—for a federal claim over which this Court

does have jurisdiction. This Court refuses the United States' proffered slight of hand. The

plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive

reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392. Here, West Coast has raised a

state-law claim in state court.[7]

Of course, it is possible that the Quiet Title Act's exclusive cause of action preempts

West Coast's state-law claim, provided the United States has a qualifying interest. But that

possibility—even if it were a certainty—would not on its own create federal subject matter

jurisdiction. Indeed, "a case may *not* be removed to federal court on the basis of a federal

defense, including the defense of pre-emption." *Caterpillar Inc.*, 482 U.S. at 393.

Accordingly, the United States' arguments under § 2409a are unavailing at this juncture

and in this posture. The Court expresses no opinion on the merits of West Coast's decision

not to sue under the Quiet Title Act (given its knowledge of the United States' tax liens on

the property, which seem to constitute a security interest) nor whether the United States

may intervene in that state-court action.

---

[7] The United States does not ask this Court to consider applying the complete preemption doctrine. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5 (2003) (describing complete preemption). Nor does the United States ask this Court to apply the *Grable* doctrine. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–14 (2005) (describing an exception to the well-pleaded complaint rule). I decline to apply either of those rare, exceedingly limited doctrines *sua sponte* and without briefing.

## IV.   CONCLUSION

For the reasons stated above, the Court dismisses Darst's crossclaim against the United States for want of jurisdiction. With no viable basis for jurisdiction, the United States has failed to sufficiently establish subject matter jurisdiction over this quiet title action and this Court must grant Darst's motion to remand.

Accordingly, the following is **ORDERED**:

1.   The United States' Motion to Dismiss Crossclaim (Doc. 5) is **GRANTED**.

2.   Plaintiff's Darst's Motion to Remand (Doc. 10) is **GRANTED**.

3.   The Clerk is **DIRECTED** to **REMAND** this action to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, and to transmit a certified copy of this order to the clerk of that court.

**ORDERED** in Tampa, Florida, on September 22, 2021.

Kathryn Kimball Mizelle
United States District Judge